UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Wilfredo Valez
          Plaintiff(s),

v.

The City of New York,
P.O. Gianpaol Dilisio Shield # 20918
Francesco Turdo; Vivian Pecoraro
"Jane Doe" And "John Doe" 1-10 Inclusive;
          Defendant(s)

CIVIL ACTION NO. 3875

COMPLAINT AND

Jury Trial Demanded

TAKE NOTICE, the Plaintiff, Wilfredo Valez, hereby appears in this action by his attorneys, The Law Office of Uwem Umoh Esq., and demands that all papers be served upon him, at the address below, in this matter.

Plaintiff, Wilfredo Valez, by his attorney, Nkereuwem Umoh Esq., complaining of the defendants, The City of New York, P.O. Gianpaol, "Jane Does" AND "John Does" collectively referred to as the Defendants, upon information and belief alleges as follows:

### NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendants were in the process of administering their duties as police officers.

VALEZ/ Civ./ Summ. and Complaint .                                            Page 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Wilfredo Valez<br>        Plaintiff(s),<br><br>v.<br><br>The City of New York,<br>P.O. Gianpaol Dilisio Shield # 20918<br>Francesco Turdo; Vivian Pecoraro<br>"Jane Doe" And "John Doe" 1-10 Inclusive;<br>        Defendant(s) | CIVIL ACTION NO. 3875<br>COMPLAINT AND<br><br>Jury Trial Demand |

TAKE NOTICE, the Plaintiff, Wilfredo Valez, hereby appears in this action by his attorneys, The Law Office of Uwem Umoh Esq., and demands that all papers be served upon him, at the address below, in this matter.

Plaintiff, Wilfredo Valez, by his attorney, Nkereuwem Umoh Esq., complaining of the defendants, The City of New York, P.O. Gianpaol, "Jane Does" AND "John Does" collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendants were in the process of administering their duties as police officers.

VALEZ/ Civ./ Summ. and Complaint .                                                                                          Page 1

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff Wilfredo Valez resides in Bronx County, and is a resident of the State of New York.

7. Francesco Turdo was plaintiff's landlord and a resident of Bronx New York.

8. Vivian Pecoraro was plaintiff's landlord and a resident of Bronx New York.

9. P.O. Gianpaol is a police officer employed by the City of New York, acting under color of state law. He is being sued in both their individual and official capacity.

10. Defendants "John Doe" and "Jane Doe" 1'through'10 are unknown police officers

VALEZ/ Civ./ Summ. and Complaint .                                                                 **Page 2**

employed by the City of New York, acting under color of state law. They are being sued in both their individual and official capacity.

11. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. On or about July 18, 2005, officers approached plaintiff's home in Bronx New York and arrested him for allegedly planting marijuana in his yard. The officers state they were acting on orders of plaintiff's landlord.

11. Plaintiff's landlord had given the police false information, out of malice and with the intent to get plaintiff ejected from the home he was renting.

12. Plaintiff was held for over 10 day in police custody.

13. Plaintiff was charged in possession of illegal drugs and tried on the charges. He was acquitted on all charges.

14. The officers failed to properly investigate the claims and arrested plaintiff, despite his protests that he was innocent and not the owner of he marijuana plants.

15. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

16. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

17. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights,

privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

18. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline the defendants in this case, for violations of the constitutional rights of citizens, thereby causing defendants in this case, to engage in unlawful conduct.

19. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other thereby causing and encouraging defendants in this case, to engage in unlawful conduct.

20. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

## AS A FIRST CAUSE OF ACTION:

42 U.S.C. Section 1983-against Defendant

21. Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth below.

22. By displaying deliberate indifference to plaintiff during his assault, Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

VALEZ/ Civ./ Summ. and Complaint .   Page 4

23. In addition, the Defendants conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

24. The Defendant acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective duties. Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

25. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:

New York State Constitution, Art. 1 Section 12

26. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

27. By displaying deliberate indifference to plaintiff during his assault, defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

28. In addition, the Defendant conspired among themselves to deprive plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

29. The Defendants acted under pretense and color of state law and in their individual and official capacities.

30. Defendants, their, attorneys, agents, servants and employees were responsible for

Plaintiff's deprivation of his state constitutional rights. Defendant City, as employer of each of the Defendants, is responsible for their wrongdoing under the <u>doctrine of respondeat superior.</u>

31. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before alleged.

## AS A THIRD CAUSE OF ACTION:

Intentional Infliction of Emotional Distress-all Defendants

32. The Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

33. The Defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

34. Plaintiff's emotional distress has damaged their personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants.

35. Defendants, their , agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by Plaintiff at the hands of the Defendants and security guards, defendant City of New York, as employer of the , is responsible for their wrongdoing under the <u>doctrine of respondeat superior.</u>

36. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A FOURTH CAUSE OF ACTION:

Negligent and Retention of Employment Services-against defendant City of New York and Francesco Turdo.

VALEZ/ Civ./ Summ. and Complaint .    Page 6

37. Plaintiff hereby restates all paragraphs of this Complaint, as though fully set forth below.

38. Upon information and belief, defendant City of New York, through the police officers, owed a duty of care to plaintiff to properly investigate the claims made by Vivian Pecoraro.

39. Upon information and belief, defendant Francesco Turdo, through his agent/ employee Vivian Pecoraro, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from this conduct.

40. Upon information and belief, defendant City of New York, knew or should have known through the exercise of reasonable diligence that the plaintiff did not grow or possess the marijuana.

41. Upon information and belief, defendant City of New York, negligence in hiring and retaining the Defendants proximately caused Plaintiff's injuries.

42. Upon information and belief, defendant Francesco Turdo, negligence in hiring and retaining Vivian Pecoraro proximately caused Plaintiff's injuries.

43. Upon information and belief, because of the defendants, negligent hiring and retention of the aforementioned parties, Plaintiff incurred significant and lasting injuries.

## AS A FIFTH CAUSE OF ACTION:

Negligence against all defendants.

44. Plaintiff repeats and realleges all paragraphs as if each paragraph is repeated verbatim herein.

45. As a direct and proximate result of the negligent acts of all the defendants, as set forth herein, plaintiff suffered physical injury, conscious pain and suffering, medical expenses,

lost wages, and severe mental anguish.

46. That by reason of the said negligence, plaintiff suffered and still suffers bodily injuries, became sick, sore, lame and disabled and have remained sick, sore, lame and disabled since the aforesaid incident; have suffered great pain, agony and mental anguish and is informed and verily believes that they will continue to suffer for a long time to come and that said injuries are permanent; have suffered economic loss inasmuch as they was forced to, and are still forced to expend sums of money on medical treatment; that they were deprived of their pursuits and interests and verily believes that in the future he will continue to be deprived of such pursuits; and that said injuries are permanent.

47. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

**WHEREFORE**, plaintiff respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Defendants in an amount to be determined at trial;

3. On the Third Cause of Action, against all Defendants, compensatory damages in an

amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

5. On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

6. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:
April 24, 2008

Brooklyn, New York

Respectfully Submitted

By: NKEREUWEM UMOH Esq. [NU-7233]
255 Livingston Street,
4th Floor
Brooklyn, New York 11217
Tel. No.   : (718) 360-0527
Fax No.   : (718) 360-1916

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
====================================================

Wilfredo Valez

,

        Plaintiff,

v.

The City of New York,
P.O. Gianpaol Dilisio Shield # 20918
Francesco Turdo; Vivian Pecoraro,
AND DOES 1-10 INCLUSIVE

        Defendants
====================================================
**SUMMONS AND COMPLAINT**
====================================================

**Nkereuwem Umoh, Esq.**
**Attorney for Plaintiff**
**255 Livingston Street-4th Floor**
**Brooklyn, NY 11217**
**(718) 360-0527**
====================================================

**To:**                                 **Service of a copy of the within**
                                           **is hereby admitted.**

                                           **Dated: 11/02/2007**