



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**DOUGLAS W. HEIM**
*Assistant Corporation Counsel*
phone: (212) 788-1298
fax: (212) 788-9776
dheim@law.nyc.gov

# MEMO ENDORSED

June 2, 2008



**BY HAND**
Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1040
New York, NY 10007

Re: <u>Wilfredo Valez v. City of New York, et al.</u>, 08 Civ. 3875 (DLC)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendant City of New York.[1] I am writing with respect to the above-referenced matter in which plaintiffs allege that defendants falsely arrested and maliciously prosecuted plaintiff. Defendant City respectfully requests an extension of time to respond to the complaint from June 2, 2008 until August 1, 2008. I have spoken with Plaintiff's counsel, and he consents to the extension of time.

---

[1] Defendant City also requests this extension on behalf of any individual officers without appearing on their behalf or making any representations as to the adequacy of service on them. Should the Court grant this enlargement, this office, pursuant to Section 50-k of the New York General Municipal law, and based upon a review of the facts of the case, would have time to determine whether we may represent defendant officer Gianpaol Dilisio in this matter. See *Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Furthermore, it is our understanding that the records of the underlying criminal action, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, this office is in the process of forwarding to plaintiff for execution consent and authorizations for the release of sealed arrest and criminal prosecution records so that defendant City can access the information, properly assess the case, and respond to this complaint.

No previous request for an extension has been made by defendant City in this action. Accordingly, we respectfully request that defendant City's time to answer or otherwise respond to the complaint be extended to August 1, 2008.

Thank you for your consideration herein.

*Granted.*

*/s/ Denise Cote*

*June 4, 2008*

Respectfully submitted,

Douglas W. Heim (DH 5238)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   Nkereuwem Inyang Umoh, Esq. (by first class mail)
      Law Office of Uwem Umoh
      255 Livingston Street
      4th Floor
      Brooklyn, NY 11217