UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

WILFREDO VALEZ,

                             Plaintiff,

              -against-

THE CITY OF NEW YORK, P.O. GIANPAOL DILISIO;
Shield # 20918; FRANCESCO TURDO; VIVIAN
PECORARO; "JANE DOE" and "JOHN DOE" 1-10
Inclusive;

                             Defendants.

------------------------------------------------------------------------ X

**ANSWER TO THE COMPLAINT BY DEFENDANT CITY**

08 Civ. 3875 (DLC)

JURY TRIAL DEMANDED

       Defendant City of New York ("City"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:[1]

       1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

       2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to seek compensation as stated therein.

       3.     Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

       4.     Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to proceed and invoke the jurisdiction of the Court as stated therein.

---

[1] Upon information and belief, individually named defendant P.O. Gianpaol Dilisio is retired and has not yet been served in this matter.

5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to base venue as stated therein.

6. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits that defendant P.O. Gianpaol was employed by the City of New York as a member of the New York City Police Department.

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits that plaintiff was arrested on or about July 15, 2005.

11. Denies the allegations set forth in paragraph "11" of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13' of the complaint, except admits that plaintiff was arrested for Possession of Marijuana.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. In response to the allegations set forth in paragraph "21" of the complaint, defendant City repeats and realleges its responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendant City repeats and realleges its responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. The allegations set forth in paragraph "30" of the complaint constitute legal conclusions rather than averments of fact, and as such, no response is required.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. In response to the allegations set forth in paragraph "32" of the complaint, defendant City repeats and realleges its responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. The allegations set forth in paragraph "35" of the complaint constitute legal conclusions rather than averments of fact, and as such, no response is required.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendant City repeats and realleges its responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. In response to the allegations set forth in paragraph "44" of the complaint, defendant City repeats and realleges its responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46"of the complaint.

47. The allegations set forth in paragraph "47" of the complaint constitute legal conclusions rather than averments of fact, and as such, no response is required.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

48. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

49. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

50. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening culpable and/or negligent conduct of others, non-parties or third parties for whom defendant City is not responsible, and was not the proximate result of any act of defendant City.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

51. Punitive damages cannot be assessed against defendant City.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

52. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

53. Plaintiff provoked any incident.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

54. There was probable cause for plaintiff's arrest, detention, and prosecution.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

55. This action may be barred in whole or in part by the applicable statute of limitations.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

56. This action may be barred, in whole or in part, by the doctrines of *res judicata* and or collateral estoppel.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

57. This action may be barred, in whole or in part, for plaintiff's failure to comply with the conditions precedent to suit.

**WHEREFORE,** defendant City requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
August 1, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the
 City of New York
Attorney for Defendant City
100 Church Street, Room 3-153
New York, New York 10007
(212) 788-1298

By:  /S/
Douglas W. Heim (DH 5238)
Assistant Corporation Counsel