UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
Wilfredo Valez

                Plaintiff(s),                ORDER TO SHOW CAUSE
                  v.                     08 CV 3875

The City of New York,
P.O. Gianpaol Dilisio Shield # 20918
Francesco Turdo; Vivian Pecoraro
"Jane Doe" And "John Doe" 1-10 Inclusive;
                Defendant(s)
-------------------------------------------------------------------X

        Upon the affirmation of Nkereuwem Umoh, an attorney admitted to practice

before this court, dated  August 22, 2008, the exhibits annexed hereto and upon all

pleadings and proceedings heretofore had herein, let the defendants Vivian Pecoraro and

Francesco Turdo show cause before the Honorable Judge Denise Cote of the United

States District Court Southern District of New York located at Room _____ 500 Pearl

Street New York, NY 10007, on August / September _____, 2008 at _____a.m., or as

soon as counsel can be heard, why an order should not be made pursuant to Local Rule

55.2 of the Southern District of New York, granting a default judgment against  Turdo

and Pecoraro, awarding damages to Plaintiff and for such other relief as the court deems

just and proper.

        **Defendants are advised that failure to respond to this order to show cause**

**will be grounds for a default judgment being entered against them in which case**

**there will be no trial.**

        SUFFICIENT reason appearing therefore, let service of a copy of this order

together with a copy of the papers upon which it is based, by certificate of mailing upon

Turdo and Pecoraro at 2139 Williamsbridge Road, Bronx, NY 10461 be deemed

sufficient service.  Plaintiff shall file proof of service of this order by

_____.

        No prior application has been made for the relief requested herein.

                         ENTER

                   _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                Case No. 08 CV 3875 (DC)

Wilfredo Valez

                                Plaintiff,

        -against-                                AFFIRMATION IN
                                                  SUPPORT

The City of New York,
P.O. Gianpaol Dilisio Shield # 20918
Francesco Turdo; Vivian Pecoraro
"Jane Doe" And "John Doe" 1-10 Inclusive;
.

                                   Defendant
-------------------------------------------------------------------X

       NKEREUWEM UMOH,   an attorney admitted to practice before this court affirms the truth of the following under penalties of perjury upon information and belief based upon the records maintained in this attorney's law office.


       1. This affirmation is submitted in support of the within Order to Show Cause for an order pursuant to Fed.R.Civ.P. 55 granting a default judgment against defendants Francesco Turdo and Vivian Pecoraro.

       2. This is an action to recover damages sustained by plaintiff on July 18, 2005 when he was falsely arrested resulting by the New York City Police Department and Francesco Turdo and Vivian Pecoraro. (see Plaintiff's Affidavit Exh. 1).   Plaintiff served an amended summons and complaint upon the defendants on May 13, 2008 (Exh. 2).  Plaintiff's statement of damages is attached as Exhibit 3.

       3. The plaintiff seeks to obtain a default judgment against defendants Francesco Turdo and Vivian Pecoraro

4. The default judgment should be granted pursuant to Fed.R.Civ.P. 55(b)(2) which states in relevant part that a "party seeking default judgment is required to present its application for entry of judgment to the court. Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." It is settled law that "Upon the presentation of an application for the entry of judgment, a court may enter default judgment pursuant to Federal Rule of Civil Procedure 55(b). *See* Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir.1993). The courts have provided three factors to be considered in granting a default judgment "1) whether the defendant's default was willful; 2) whether defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Mason Tenders Dist. Council v. Duce Constr. Corp., 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003); *see also* Enron, 10 F.3d at 95 (noting the three factors while reviewing a district court's denial of a motion to set aside a default judgment).

5. The basis for default judgment upon which plaintiff makes the motion herein is the willful default of the defendants, the lack of meritorious defense to plaintiff's claims and the extreme prejudice plaintiff would suffer if the motion for default judgment is not granted.

6. Federal Rule of Civil Procedure 12(a)(1)(A)(i) requires that a defendant serve an answer within 20 days of the date of service. In the instant case, Plaintiff served Defendants Francesco Turdo and Vivian Pecoraro with the Summons and Complaint on May 13, 2008. More than 20 days have passed since Plaintiff served defendants with the Summons and Complaint and to date, defendants have not filed an answer. In addition,

Francesco Turdo and Vivian Pecoraro have failed to make any appearance in this action and have failed to provide any explanation for their failure to defend. Defendants' failure to respond to the complaint and failure to file opposition papers to Plaintiff's motion for default judgment are evidence of willful default. *See* <u>Mason Tenders</u>, 2003 WL 1960584, at *2. Francesco Turdo and Vivian Pecoraro have failed to present any defense, they are "deemed to have admitted the well-pleaded allegations of the Complaint ...," and, therefore, "the second factor-of whether Defendants have a meritorious defense-need not be addressed." *Id.*

7. The final factor the court evaluates in determining whether to grant default judgment is the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion. Because Defendants Francesco Turdo and Vivian Pecoraro have made no effort to answer the complaint, appear before the Court, or comply with any of the Court's orders pertaining to this litigation, there is no reason to believe that any further efforts to adjudicate this claim on the merits would provide any resolution. *See id.* ("In light of Defendants' failure to respond, there is no indication that requiring Plaintiffs to take further steps prior to a determination on the merits would be effective in eliciting a response from Defendants."). Denial of Plaintiff's motion for default judgment, therefore, would further delay the resolution of Plaintiff's claims and such a delay would serve only to prejudice Plaintiff. Accordingly, default judgment is appropriate.

8. It is respectfully requested that this court grant the order ruling that defendants' failure to respond to the complaint results in default judgment under Fed.R.Civ.P. 55.

9. No prior application for this relief has been made. Upon information and belief, none of the defendants are minors, mentally incompetent or in the military service of the United States.

WHEREFORE, it is respectfully requested that plaintiff Wilfredo Valez's motion be granted in its entirety and for such other and further relief as this court may deem just and proper.

Dated:        New York, NY
              August 22, 2008

NKEREUWEM UMOH (NU 7233)
Attorney for Plaintiff

**EXHIBIT 1**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Wilfredo Valez

Plaintiff(s),

v.

The City of New York,
P.O. Gianpaol Dilisio Shield # 20918
Francesco Turdo; Vivian Pecoraro
"Jane Doe" And "John Doe" 1-10 Inclusive;
Defendant(s)

PLAINTIFF'S AFFIDAVIT

08 CV 3875

I, WILFREDO VALEZ, being duly sworn, deposes and states under penalty of perjury:

1. I am the plaintiff in the above captioned action. I am familiar with the facts and circumstances set forth based upon my personal knowledge and review of the documents maintained by my attorney that relate to this proceeding.

2. I submit this affidavit in support of this Order to Show Cause seeking a default judgment against Defendants Francesco Turdo and Vivian Pecoraro

3. On July 18, 2005 I was a tenant of Francesco Turdo and Vivian Pecoraro, an apartment building owned and operated by the defendants in the Bronx, New York.

4. Upon information and belief, the apartment I lived in was owned by Francesco Turod and Operated by Vivian Pecoraro.

5. On July 18, 2005 Vivian Pecoraro falsely accused me of growng marijuana in the backyard of said building. Her accusation resulted in my arrest and 10 day detention by the New York City Police Department.

6. I was charged with the possession of illegal drugs . I was also tried and all charges were dismissed at trial

7.  I filed an action against Vivian Pecoraro and Frances Turdo on April 24, 2008 to obtain redress for the damage they caused me.  The Summons and Complaint was served on May 13, 2008 but more than 20 days have passed since they were served and they have failed to answer.

8.  I have a meritorious claim against the defendants for the injury caused by their actions and bring this motion seeking judgment by default against Vivian Pecoraro and Frances Turdo.

_____
Wilfredo Valez


Sworn to before me this
22rd day of August 2008

_____
NOTARY PUBLIC


NKEREUWEM UMOH
Notary Public, State of New York
No. 02UM6132601
Qualified in Kings County
Commission Expires Sept. 19, 2009

# EXHIBIT 2

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  | AFFIDAVIT OF SERVICE |
|---|---|
|  | CASE # 08-CV-3875 |
| **WILFREDO VALEZ** | Plaintiff |
| Vs |  |
| **THE CITY OF NEW YORK , VIVIAN POCORARO,** |  |
| **FRANCESCO TURDO AND P.O. GIANPAOL** |  |
|  | Defendants |

County of KINGS, State of New York I, **Mahitima Baa** being duly sworn deposes and says Deponent is not a party herein, is over 18 years of age and resides in the county of KINGS

On **5/13/08 1:12 PM** at **2139 WILLIAMSBRIGDE RD BRONX NEW YORK 10461** Deponent served the within **SUMMONS AND COMPLAINT** on **VIVIAN POCORARO** by delivering a true copy to by delivering a true copy of each to her personally.

I asked the person served if she was the person named in the document and recipient admitted being the person so named

A description of the person served is as follows:

Sex **FEMALE**
Race: **WHITE**
Color of Hair **BLONDE**
Approx. Age **42-50**
Approx. Height **5'7''- 5'8''**
Approx. Wt **145-150 LBS**

Other identifying Features **NONE**

**MAHITIMA BAA**

Sworn to be fore me on this
14 TH day of MAY 2008

NOTARY PUBLIC
PAUL SIMINOVSKY
Notary Public, State of New York
No 41 4811635
Qualified in Queens County
Commission Expires May 31, 20 ⁵⁴

UNITED STATE DISTRICT COURT
SOUTHERN   DISTRICT OF NEW YORK

|  | AFFIDAVIT OF SERVICE |
|---|---|
| **WILFREDO VALEZ** | CASE # 08-CV-3875 |
| | Plaintiff |
| Vs | |
| **THE CITY OF NEW YORK , VIVIAN POCORARO,** | |
| **FRANCESCO TURDO AND P.O. GIANPAOL** | |
| | Defendants |

County of KINGS, State of New York I, **Mahitima Baa** being duly sworn deposes and says Deponent is not a party herein, is over 18 years of age and resides in the county of KINGS

On **5/13/08 1:12 PM** at **2139 WILLIAMSBRIGDE RD BRONX  NEW YORK 10461** Deponent served the within **SUMMONS AND COMPLAINT** on  **FRANCESCO TURDO**  by delivering a true copy to **VIVIAN POCORARO**  a person of suitable and discretion

Said premises are recipient's actual place of work  within the state. I asked the person spoken to whether the defendant actually works at these premises and received an affirmative response.

Deponent mailed a copy thereafter within 1 day thereafter on **5/13/2008** by certified   mail, and an additional second copy by regular first class mail to the recipient's last known place of residence in an official depository under the exclusive care and custody of the U.S. Postal Services within New York State.

The envelope bore the legend "Personal and confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney of concerned action against the recipient

A description of the person served is as follows:

Sex **FEMALE**
Race: **WHITE**
Color of Hair **BLONDE**
Approx. Age **42-50**
Approx. Height  **5'7"- 5'8"**
Approx. Wt **145-150 LBS**

Other identifying Features **NONE**

**MAHITIMA BAA**

Sworn to before me on this
13 TH day of MAY 2008

NOTARY      PUBLIC
PAUL SIMINOVSKY
Notary Public, State of New York
No 41 4811635
Qualified  in Queens County
Commission Expires May 31, 20 09

# **EXHIBIT 3**

**<u>EXHIBIT 3</u>**

# PLAINTIFF STATEMENT OF DAMAGES

1. Compensatory Damages for emotional Injury resulting from being unlawfully detained by Francesco Turdo and Vivian Pecoraro – $40,000

2. Punitive Damages of $40,000 as punishment for reckless, malicious and egregious conduct resulting in emotional injury.