```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
WILFREDO VALEZ,                         :
                Plaintiff,              :
                                        :     08 Civ. 3875 (DLC)
        -v-                             :
                                        :       MEMORANDUM
THE CITY OF NEW YORK; P.O. GIANPAOL     :      OPINION & ORDER
DILISIO, Shield #20918; FRANCESCO       :
TURDO; VIVIAN PECORARO; "JANE DOE" and  :
JOHN DOE" 1-10 Inclusive;               :
                                        :
                Defendants.             :
                                        :
----------------------------------------X
```

Appearances:

For Plaintiff:
Nkereuwem Umoh
25 Bond Street, 2nd Floor
Brooklyn, NY 11201

For Defendants:
Douglas W. Heim
The City of New York Law Department
100 Church Street
New York, NY 10007

DENISE COTE, District Judge:

On April 24, 2008, plaintiff Wilfredo Valez commenced this civil rights action alleging false arrest and malicious prosecution against various parties, among whom only the City of New York and police officer Gianpaol Dilisio remain as defendants. On January 29, 2009, counsel for the defendants filed a letter motion requesting that the Court enforce an

1

agreement purportedly entered into between defendants and Valez's attorney, Nkereuwem Umoh, on or about October 1, 2008, to settle Valez's claims for the sum of $5,000.

On January 30, 2009, this Court referred the motion to the Honorable Debra Freeman, United States Magistrate Judge, for all proceedings necessary for a determination of the factual and legal issues presented therein and to prepare and submit a Report and Recommendation ("Report") containing findings of fact, conclusions of law, and a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Judge Freeman subsequently held an evidentiary hearing with the parties on May 29 and filed her Report on August 27.

Judge Freeman's Report reaches the following factual and legal conclusions concerning the purported settlement agreement between Valez and the defendants.  The Report finds that Umoh and defendants' counsel participated in a settlement conference before Judge Freeman on September 29, 2008, during which defendants' counsel made an offer to settle the case for $5,000. Umoh then conveyed this offer to Valez and discussed with Valez the question of whether the offer was reasonable in view of the merits of Valez's claim.  Valez expressed his view that the defendants' offer was too low, but commented that perhaps he could obtain something more from the other defendants who were still in the case at the time.  Valez never specifically stated,

2

however, that he would accept the offer that had been extended by the defendants, and at least once in the conversation Valez affirmatively indicated to Umoh that he did not wish to accept the offer.

The Report finds that Umoh nevertheless came to believe, either from Valez's reference to the possibility of recovering on his then-existing claims against the other defendants or from Valez's tone and manner, that Valez was "resigned" to the $5,000 settlement offered by the defendants. As a result, Umoh inferred that Valez would agree to accept the defendants' offer, and on that basis purported to accept the $5,000 offer on Valez's behalf in a telephone conversation with defendants' counsel on October 1, 2008.

On the basis of these factual findings, Judge Freeman concludes that Valez has satisfied his burden of showing that Umoh lacked either actual or apparent authority to settle the case on his behalf. See In re Artha Mgmt., Inc., 91 F.3d 326, 329 (2d Cir. 1996) ("[A]ny party challenging an attorney's authority to settle the case under such circumstances bears the burden of proving by affirmative evidence that the attorney lacked authority." (citation omitted)). Umoh lacked actual authority to settle the case because, given the totality of what was discussed between Valez and Umoh in their conversation regarding the settlement offer, Valez did not have "reason to

3

know" that his attorney would likely infer from their conversation that Umoh would believe he was authorized to settle the case.  Id. (citation omitted).  Umoh lacked apparent authority to settle the case because Valez "made no manifestations to defendants' counsel that [Umoh] w[as] authorized to settle the case" on Valez's behalf.  Fennell v. TLB Kent Co., 865 F.2d 498, 502 (2d Cir. 1989).  As a result, Judge Freeman recommends that defendants' motion to enforce the settlement agreement be denied.  No objections to the Report were filed by any party.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  If no timely objection has been made to the Magistrate Judge's Report, "a district court need only satisfy itself that there is no clear error on the face of the record."  Nash v. Ercole, No. 08 Civ. 5293 (DLC), 2009 WL 2778247 at *1 (S.D.N.Y. Sept. 1, 2009).

CONCLUSION

Finding no clear error in Magistrate Judge Freeman's Report, the Report is adopted.  Defendants' January 29, 2009, letter motion requesting that the Court enforce the October 1, 2008 settlement agreement is denied.  The parties' failure to file written objections precludes appellate review of this

4

decision. See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

SO ORDERED:

Dated:   New York, New York
         October 1, 2009

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　DENISE COTE
　　　　　　　　　　　　　　　　United States District Judge